UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Alicia Brown,

    Plaintiff,

v.	Case No. 10-12374

John E. Potter, Postmaster General,	Honorable Sean F. Cox
United States Postal Service,

    Defendant.
_____/

**OPINION & ORDER**

Plaintiff filed suit against her employer, asserting that she was discriminated against based on her race and her gender, and that her employer retaliated against her for having complained about that discrimination. The matter is currently before the Court on Defendant's Motion to Dismiss, brought under FED. R. CIV. P. 12(b)(6), and Plaintiff's motion seeking to strike same. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motions will be decided upon the briefs. For the reasons set forth below, the Court shall construe Defendant's Motion to Dismiss as a Motion for Judgment on the Pleadings brought under FED. R. CIV. P. 12(c), and shall DENY that motion. The Court shall DENY Plaintiff's Motion to Strike as MOOT.

BACKGROUND

Plaintiff Alicia Brown ("Plaintiff") filed this action against the Postmaster General

1

("Defendant")¹ on June 15, 2010, asserting the following three counts: "Race Discrimination and Harassment in Violation of The 1991 Civil Rights Act & Title VII" (Count I); "Gender Discrimination and Harassment in Violation of The 1991 Civil Rights Act & Title VII" (Count II); and "Retaliation" (Count III).

Plaintiff's complaint alleges that she was "discriminated against and harassed based on her race and gender, and retaliated against for her complaints concerning same." (Compl. at 5). She alleges that she was "employed as a Manager of Customer Services at the Wayne Post Office in Westland, Michigan." (*Id*. at ¶ 10). She alleges that throughout her employment, Defendant Postmaster Kevin Brandon harassed Plaintiff, and discriminated against her, on the basis of her race (African American) and sex (female)." (*Id*. at ¶ 11). She further alleges that, "as a result of [her] complaints of discrimination and harassment, Plaintiff was retaliated against." (*Id*. at ¶ 12). Plaintiff alleges that the discrimination, harassment, and retaliation she experienced included Defendant: 1) "[s]crutinizing Plaintiff's work more harshly and critically than other similarly situated individuals;" 2) "[s]ubjecting Plaintiff to shift changes and/or scheduling that other managers did not have to endure;" 3) "[n]ot allowing Plaintiff to attend and/or receive training that other managers received;" 4) requiring Plaintiff, unlike other similarly-situated employees, to "find her own replacement when she wanted to take annual leave;" 5) publicly demeaning Plaintiff, but not similarly-situated employees, by referring to "as a liar and stupid;" 6) "[d]isciplining Plaintiff for acts that other similarly situated individuals were not disciplined" for; 7) "[d]isciplining Plaintiff more harshly than other similarly situated

---

¹Plaintiff also named Kevin Brandon, an employee of the United States Postal Service, as a Defendant but stipulated to the dismissal of all claims as to him without prejudice on October 6, 2010. (Docket Entry No. 6).

2

individuals;" 8) plotting and conspiring "to cause Plaintiff to fail in her position with the Wayne Post Office;" 9) compelling Plaintiff to accept, without just cause, a demotion, which was contrary to how other similarly situated individuals had been treated." (Compl. at ¶ 13).

On October 12, 2010, Defendant filed its Answer and Affirmative Defenses. (Docket Entry No. 7). This Court issued the Scheduling Order on December 14, 2010.

On December 14, 2010, Defendant filed a motion seeking leave to file an amended answer and that motion was granted in an order issued on February 16, 2011. Defendant filed its Amended Answer on February 28, 2011, which includes additional affirmative defenses.

On March 11, 2011, Defendant filed a Motion to Dismiss, pursuant to FED. R. CIV. P. 12(b)(1) and (b)(6). (Docket Entry No. 15).

Thereafter, on March 14, 2011, Plaintiff filed a response to the motion, combined with a motion seeking to strike the motion. (Docket Entry No. 16). The Clerk's Office struck that submission, directing Plaintiff's Counsel to file a separate response and motion.

Plaintiff filed a Motion to Strike on March 21, 2011. (Docket Entry No. 21).

ANALYSIS

Defendant's opening brief stated that its Motion to Dismiss is brought pursuant to FED. R. CIV. P. 12(b)(1) and (b)(6). A motion brought under FED. R. CIV. P 12(b)(6) "must be made before pleading if a responsive pleading is allowed." FED. R. CIV. P. 12(b). Here, however, Defendant brought its motion under subsection (b)(6) after its had filed an Answer and Affirmative defenses.

Focusing on that procedural defect, in response to Defendant's Motion to Dismiss, Plaintiff filed a motion asking the Court to strike Defendant's Motion to Dismiss.

Defendant's Reply Brief acknowledges that it should have brought its motion as a motion for judgment on the pleadings, brought under FED. R. CIV. P. 12(c).

The Court agrees with Defendant that it did not lose its ability to challenge the pleadings by filing an answer before its motion. The defense of failure to state a claim may be raised in a motion under Rule 12(c). FED. R. CIV. P. 12(h)(2)(B). A motion for judgment on the pleadings may be brought [a]fter the pleadings are closed – but early enough not to delay trial." FED. R. CIV. P. 12(c).

The Court shall construe Defendant's pending motion as a motion for judgment on the pleadings.

Motions for judgment on the pleadings under FED. R. CIV. P. 12(c) are analyzed under the same standard as motions to dismiss pursuant to FED. R. CIV. P. 12(b)(6). That standard is as set forth in *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). The Court must construe the complaint in the light most favorable to the plaintiff, and accept all well-pled factual allegations as true, and determine whether the complaint states a plausible claim for relief. *Id.* "However, the plaintiff must provide the grounds for its entitlement to relief" and that "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)).

A.   There Is No "Conspiracy Claim" To Dismiss.

To the extent that Defendant's motion seeks to dismiss Plaintiff's "conspiracy claim," that request shall be denied because Plaintiff's complaint does not assert a conspiracy claim.

Defense Counsel made this challenge because the factual allegations in the body of Plaintiff's complaint include an allegation that Defendants "plotted and conspired to cause Plaintiff to fail in her position." (Compl. at ¶ 13(h)).

Plaintiff's complaint, however, asserts only three separate and distinct counts, none of which assert a conspiracy claim. Thus, the complaint, as currently drafted, does not assert a conspiracy claim.

B.     Plaintiff's Complaint Sufficiently Pleads Discrimination And Retaliation Claims.

Noting the elements of the applicable prima facie cases for race and gender discrimination claims, and retaliation claims, Defendant asserts that Plaintiff's complaint does not contain sufficient allegations to meet those elements. Even where Plaintiff has alleged an element of a prima facie case, Defendant claims she has not included sufficiently detailed factual allegations. For example, although Plaintiff alleges she was replaced by a white male, Defendant takes the position that Plaintiff's complaint must also include detailed factual allegations as to the position in question, the time period, and the name of the person who replaced her. (*See* Def.'s Br. at 12).

Defendant's brief relies on *Iqbal*[2] and *Twombly*[3], and does not cite any Sixth Circuit authority to support its position that an employment discrimination claim should be dismissed based upon the failure to plead such specific details.

In *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002), the Supreme Court rejected the notion that a complaint must allege facts constituting a prima facie case of discrimination in order to

---

[2]*Ashcroft v. Iqbal*, 129 S.Ct. 1937 (May 18, 2009).

[3]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

survive a motion to dismiss. In that case, the plaintiff asserted employment discrimination claims under Title VI. The district court granted the defendant's motion to dismiss because the complaint did not allege facts constituting a prima facie case of discrimination under the *McDonnell Douglas* framework and the Second Circuit affirmed. The Supreme Court reversed and held that the prima facie case under *McDonnell Douglas* "is an evidentiary standard, not a pleading requirement." *Id.* at 510.

After *Swierkiewicz,* the Supreme Court redefined pleading standards in *Iqbal* and *Twombly.*

Several district courts have questioned whether *Swierkiewicz* remains intact following those decisions. *See, e.g.*, *Davis v. Kroger Co.,* 2010 WL 5882114 (S.D. Ohio 2010) ("It remains an open question in the Sixth Circuit whether *Twombly* and *Iqbal* have effectively abrogated that portion of *Swierkiewicz's"* holding that a plaintiff need not allege facts as to each element of a prima facie case).

In *Lindsay v. Yates,* 498 F.3d 434,440 n.6 (6th Cir. 2007), the Sixth Circuit stated that, following *Twombly,* it had "no basis for concluding that *Swierkiewicz* is no longer good law."

In addition, in *Pedreida* – issued after *Twombly* and approximately three months after *Iqbal* – the Sixth Circuit characterized challenges as to prima facie elements made in a motion to dismiss as "premature," stating:

> "The prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement." *Swierkiewicz,* [534 U.S. at 510]. Thus, "the ordinary rules for assessing the sufficiency of a complaint apply." *Id.* at [511]; *see Lindsay v. Yates,* 498 F.3d 434, 439 (6th Cir. 2007) (noting *Swierkiewicz's* holding that "an employment-discrimination plaintiff satisfies her pleading burden by drafting a short and plain statement of the claim consistent with Federal Rule of Civil Procedure 8(a)." (internal quotation marks omitted)). We therefore look to see whether Pedreira has sufficiently pled "a claim to relief that is plausible on its

face." *Twombly,* 550 U.S. at 570.

*Pedreira v. Kentucky Baptist Homes for Children, Inc.*, 579 F.3d 722, 728 (6th Cir. 2009). The Court concludes that Plaintiff has met the applicable standard here.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant's Motion to Dismiss, brought under FED. R. CIV. P. 12(b)(6) (Docket Entry No. 15), which this Court construes as a Motion for Judgment on the Pleadings brought under FED. R. CIV. P. 12(c), is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike (Docket Entry No. 21) is DENIED AS MOOT.

IT IS SO ORDERED.

                                              S/Sean F. Cox
                                              Sean F. Cox
                                              United States District Judge

Dated: July 11, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 11, 2011, by electronic and/or ordinary mail.

                                              S/Jennifer Hernandez
                                              Case Manager